J-S11012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH RUSSELL | : | |
| | : | |
| Appellant | : | No. 1247 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 17, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-SA-0000109-2024

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: April 14, 2025**

Joseph Russell (Appellant), *pro se*, appeals from the judgment of sentence imposed after the trial court convicted him of one count of public drunkenness.[1]  We affirm.

The trial court summarized the factual and procedural background:

On February 22, 2024, a criminal complaint was filed against [Appellant,] charging him with public drunkenness, a summary offense, in violation of 18 Pa.C.S.A. § 5505[;] and disorderly conduct—engaging in fighting, a summary offense, in violation of 18 Pa.C.S.A. § 5503(a)(1).  [Appellant] was found guilty of both offenses by Magisterial District Judge Allison Thiel, and he subsequently appealed the convictions … [to the trial court, where

---

[1] 18 Pa.C.S.A. § 5505.

he acted *pro se*]. A summary appeal trial was held before [the trial] court on September 17, 2024.[2]

During the summary appeal trial, Hannah Jones [(Ms. Jones)], who is employed as a bartender at the Wicked Googly [(the Wicked Googly or the bar)] in Ligonier, Westmoreland County, testified relative to her interaction with [Appellant] on February 22, 2024. N.T., 9/17/24, at 6-8. Ms. Jones testified that while [Appellant] was sitting at the bar, she accidentally gave him the wrong beer, and [Appellant] started "being loud and throwing his arms around." *Id.* at 9. Ms. Jones confirmed that [Appellant] was being louder than other patrons at this time, and he interrupted her and distracted her from doing her job. *Id.* at 11-12. Specifically, Ms. Jones testified that she was not able to get … drinks … to the waitress …, and she was not able to wait on the people at the bar. *Id.* at 14. Ms. Jones confirmed that she told [Appellant] that she would no longer be serving him, and she asked him to pay his check…. *Id.* at 12. According to Ms. Jones, [Appellant] "continued to talk negatively" about her to other patrons sitting next to him, and he said there was no reason he needed to leave. *Id.* at 12-13. Despite being asked to leave the bar multiple times, … [Appellant] stayed at the bar and then moved to the employee[-]only waitress station. *Id.* at 13. As [Appellant] refused to leave the bar, Ms. Jones called 911, and Ligonier Valley Police [] Officers Anthony Regopoulos [(Officer Regopoulos)] and Ryan Hall [(Officer Hall)] responded to the scene. *Id.* at 14-15, 37. Ms. Jones described [Appellant's] behavior as … confrontational and argumentative. *Id.* at 16. …

Christopher Davis [(Mr. Davis)], the manager of the Wicked Googly, corroborated Ms. Jones's testimony. *Id.* at 24-25. Mr. Davis confirmed that when [Appellant] refused to leave the bar after being told [to leave] multiple times by Ms. Jones and himself, [Mr. Davis] instructed Ms. Jones to call the police. *Id.* at 26-28. Mr. Davis described [Appellant's] behavior as "very loud and very disruptive." *Id.* at 27. He indicated that [Appellant's] behavior was very disruptive to [the bar's] business as [such behavior

_____

[2] Appellant filed a pre-trial "Motion for Dismissal" and "Preliminary Objections," arguing the trial court lacked jurisdiction over him because the police had no probable cause to arrest him. *See generally* Motion for Dismissal, 4/19/24; Preliminary Objections, 5/10/24. The trial court did not rule on these motions before Appellant's trial.

typically causes] other patrons [to] leave and [the bar may] lose business. ***Id.*** at 29.

Trial Court Opinion, 12/5/24, at 1-2 (some citations and capitalization modified; footnote added).

The trial court also summarized the officers' testimony:

Officers Regopoulos and Hall … testified as to their interactions with [Appellant] on the date of the incident. N.T., 9/17/24, at 37, 63. Officer Regopoulos … stated that on February 22, 2024, he was dispatched to the Wicked Googly for [a report of] "a man with a black jacket refusing to leave" the bar. ***Id.*** at 40-41. Officer Regopoulos indicated that he was wearing his body-worn camera, and he activated it as he began approaching the bar. ***Id.*** at 41; ***see also*** Commonwealth's Exhibit 1 (body-worn camera footage). Officer Regopoulos observed an older man with a black jacket matching the description provided, who was later identified as [Appellant], arguing with the bartender at the bar and stating that he did not want to pay for a $4 beer that he did not drink. N.T., 9/17/24, at 41. According to Officer Regopoulos, despite being told that his bill had already been paid, [Appellant] refused to leave, … stood [blocking] the way [to] the bathroom, and … "got more angry and uncooperative." ***Id.*** at 41, 49. When [Appellant] refused to provide his name [to the officers or] leave the bar, despite being asked multiple times to leave, Officer Regopoulos and Officer Hall escorted him out of the bar. ***Id.*** at 49. …

Throughout his interaction with [Appellant], Officer Regopoulos observed [Appellant] to be very argumentative[; Appellant] would not cooperate[;] a very strong … odor of an alcoholic beverage emanated from [Appellant's] person[;] and he had slurred speech. ***Id.*** at 52. Based upon his observations[,] training[,] and experience, Officer Regopoulos opined that [Appellant] was under the influence of alcohol. ***Id.*** at 53. Officer Regopoulos described [Appellant] as "highly intoxicated" and uncooperative. ***Id.*** at 54. Officer Regopoulos indicated that he believed [Appellant] was a danger to himself, and [because Appellant] did not provide any names or phone numbers of anyone who could pick him up, [the officers transported Appellant to the police station]. ***Id.*** … Officer Regopoulos further testified that due to [Appellant's] intoxicated state, [Officer Regopoulos] was concerned that [Appellant] would fall, possibly get in a fight, or

possibly get hit by a car[,] as the street [abutted] the bar and … [was heavily trafficked] at that time of night. ***Id.*** at 57-58.

Officer Hall corroborated the testimony of Officer Regopoulos. ***Id.*** at 65-72. Officer Hall testified that when he and Officer Regopoulos responded to the scene, [Appellant] was "belligerently argumentative"[; Appellant] used big hand gestures as he was talking; he was defiant at any type of instruction given by the officers or the bartender; and he had slurred speech. ***Id.*** at 66. Officer Hall testified that [during the officers' interactions with Appellant], indicators of [Appellant's] intoxication became apparent. ***Id.*** at 70. Specifically, Officer Hall stated that he observed [Appellant] stumbling and swaying[; Appellant] had difficulty in communicating[;] and [Appellant] had slurred speech[. ***Id.*** These indicators] were all consistent with [Appellant] being under the influence of alcohol[,] based upon Officer Hall's experience as … a police officer. ***Id.*** Officer Hall testified that while [Appellant was] held at the police station prior to [his release, Appellant] "returned back to a closer[-to-]normal state from the intoxicated state he was in." ***Id.*** at 72.

Trial Court Opinion, 12/5/24, at 2-4 (citations modified; one paragraph break added).

At the trial's conclusion, the trial court convicted Appellant of public drunkenness and dismissed the disorderly conduct charge. The trial court sentenced Appellant to pay fine of $150, plus applicable costs and fees.

On September 23, 2024, Appellant filed a "Motion to Void Order," reiterating the argument made in his pre-trial motions. The trial court denied the motion on September 24, 2024. On September 26, 2024, Appellant filed a "Supplemental Motion to Void Order," which the trial court denied on October 1, 2024. Appellant filed two additional post-sentence motions, but before the trial court ruled on them, Appellant filed a timely notice of appeal of his

judgment of sentence. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

1. Did the trial court err in considering evidence when [Appellant] was not in a public place voluntarily?

2. Is the evidence insufficient as a matter of law to prove beyond a reasonable doubt that [] Appellant committed the summary offense of public drunkenness?

3. Did the trial court err when it failed to dismiss the case because the arrest did not satisfy the elements required by [42 Pa.C.S.A.] § 8902[,] and was therefore unauthorized and a legal nullity?

[a.] Was there ongoing conduct that imperiled personal security?

[b.] Were guidelines for warrantless arrest promulgated?

Appellant's Brief at 3 (issues reordered).

In his first issue, Appellant argues the trial court erroneously considered evidence of events and observations occurring after the officers detained Appellant. *See id.* at 8-16. Appellant asserts that after he was detained, he was no longer in a public place voluntarily, and evidence beyond that point cannot support a conviction for public drunkenness. *Id.* at 9.

A person is guilty of public drunkenness "if he appears in any public place manifestly under the influence of alcohol or a controlled substance, … to the degree that he may endanger himself or other persons or property, or annoy persons in his vicinity." 18 Pa.C.S.A. § 5505.

Appellant relies on *Commonwealth v. Meyer*, 431 A.2d 287 (Pa. Super. 1981), in which this Court held that, "[i]n order to be found guilty of

public drunkenness, the accused must be in the public place voluntarily."
*Meyer*, 431 A.2d at 290; *see also* Appellant's Brief at 8. In *Meyer*, police responded after the defendant caused a disturbance inside a private club. *Meyer*, 431 A.2d at 288. Police escorted the defendant outside the club and arrested him. *Id.* The Commonwealth contended the defendant's actions outside the club occurred in a public place. *Id.* at 289. This Court reversed the defendant's conviction, determining his "appearance outside the [club] was not 'voluntary,'" and that he "did not voluntarily appear in any public place." *Id.* at 290.

> Instantly, the trial court distinguished *Meyer*, noting Appellant
>
> was not in a private club. The Wicked Googly is a public restaurant. [Appellant] went there voluntarily. … [The trial c]ourt agrees that once [Appellant] was escorted outside of the bar, his actions were no longer voluntary.

Trial Court Opinion, 12/5/24, at 10. The trial court indicated it rendered its verdict based only on evidence of Appellant's public drunkenness "while *inside* the Wicked Googly…." *Id.* (italics in original).

We agree with the trial court's reasoning. Appellant does not argue the Wicked Googly was not a public place or that he was not there voluntarily before the officers detained him. **See generally** Appellant's Brief. As the trial court made clear it did not rely on evidence **after** the officers escorted Appellant out of the bar, Appellant's first issue merits no relief.

In his second issue, Appellant argues the evidence was insufficient to sustain his public drunkenness conviction. **See** Appellant's Brief at 25-32.

- 6 -

Appellant maintains there was no evidence that he "created a public scene or that he annoyed and got in the way of people." *Id.* at 29-30. He asserts "there is nothing unlawful about making sure [his] bill is accurate and taking that dispute to higher management for resolution." *Id.* at 30. Appellant argues he "was not obligated to identify himself" to the officers, and "was not required to leave the bar at the request of the bartender, manager, or the officers." *Id.* at 30-31; *see also id.* at 31 (citing N.T., 9/17/24, at 75-78 (wherein Appellant asserted he did not have to leave the bar because the bar's owner declined to pursue trespass charges)).

When reviewing a sufficiency claim, this Court

> must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Peralta*, 311 A.3d 1, 4 (Pa. Super. 2024) (citation omitted).

Instantly, the trial court rejected Appellant's sufficiency claim, reasoning as follows:

> [The trial] court, having reviewed the evidence in the light most favorable to the Commonwealth as the verdict winner, including careful review of [Officer Regopoulos's body-worn camera footage], finds that the Commonwealth has presented sufficient evidence to find [Appellant] guilty of public drunkenness beyond a reasonable doubt. [The evidence adduced at trial] establishes

- 7 -

that while [Appellant] was sitting at the bar at the Wicked Googly drinking beer, Ms. Jones mistakenly gave him the wrong beer. Ms. Jones's testimony reveals that [Appellant] became loud and started throwing his arms around. According to Ms. Jones, because of [Appellant's] behavior, she was not able to successfully do her job. Namely, she could not get drinks to the waitress …, and she was not able to wait on the people at the bar. Ms. Jones indicated that [Appellant] would not leave the bar despite being asked multiple times[,] and continued to talk negatively about her to other patrons. Mr. Davis's testimony established that he heard Ms. Jones and [Appellant] arguing, and he also told [Appellant] to leave the restaurant. According to Mr. Davis, [Appellant] was very argumentative and … was not listening. Mr. Davis stated that situations like this are very disruptive to [the bar's] business….

Officer Regopoulos's testimony established that … he observed [Appellant] arguing with Ms. Jones at the bar, and [Appellant] refused to leave. [Officer Regopoulos] described [Appellant] as continuing to get angrier and more uncooperative. [Appellant] refused to provide his name to the officer and refused to leave the bar[. Appellant stood] in the way of the bathroom[,] despite being told that his bill had already been paid and despite being asked multiple times to leave. Officer Hall's testimony revealed that … [Appellant] was belligerently argumentative … and … was defiant at any type of instruction given by the officers or the bartender. Both officers testified that [Appellant] displayed indicators of intoxication. Officer Regopoulos's testimony established that [Appellant] was very argumentative[; Appellant] would not cooperate[;] he had slurred speech[;] and there was a very strong … odor of an alcoholic beverage emanating from his person. Officer Regopoulos opined that [Appellant] was under the influence of alcohol, highly intoxicated, and a danger to himself. Officer Hall's testimony established that [Appellant] was stumbling and swaying[; Appellant] had difficulty communicating[;] and he had slurred speech[. Based on Officer Hall's experience as a police officer, these indicators were] consistent with [Appellant] being under the influence of alcohol….

The [trial] court finds the testimony of these witnesses to be credible. Based upon the testimony presented and upon a review of [the body-worn camera footage], the [trial] court finds that the Commonwealth has presented sufficient evidence of public drunkenness [to support] the verdict rendered. Despite [Appellant's] contentions, [the trial] court finds that the

Commonwealth has presented sufficient evidence that [Appellant] appeared at the Wicked Googly, a public place, manifestly under the influence of alcohol[,] and while *inside* the establishment, he, at the very least, annoyed persons in the vicinity. Namely, [Appellant] was loud and argumentative. He was insistent about [his refusal] to pay for the beer[,] which caused multiple employees to get involved and prevented Ms. Jones from doing her job. Other patrons were present in the vicinity at the time[,] as depicted on the body[-worn camera footage]. [Appellant] was talking negatively about Ms. Jones and … was getting in the way of other patrons. … [Appellant] most certainly caused an annoyance to employees and other patrons at the Wicked Googly[, and] affected business that evening as [other] patrons could not be served … due to the disturbance.

Trial Court Opinion, 12/5/24, at 11-13 (some capitalization modified; italics in original).

We agree with the trial court's analysis. Our review of the record, including the body-worn camera footage, confirms that the evidence presented at trial, viewed in the light most favorable to the Commonwealth, sufficiently established the required elements of public drunkenness. **See** 18 Pa.C.S.A. § 5505. Accordingly, Appellant's second issue merits no relief.

In his third issue, Appellant argues the officers lacked authority to arrest him without a warrant under 42 Pa.C.S.A. § 8902(a), asserting there was no "ongoing conduct that imperil[ed] the personal security of any person or endanger[ed] public or private property." Appellant's Brief at 18 (quoting 42 Pa.C.S.A. § 8902(a)); **see also id.** at 16-20. Appellant maintains the arrest therefore "cannot be used to acquire jurisdiction or … institute proceedings." **Id.** at 6. Because the proceedings against him were instituted by arrest under

Pa.R.Crim.P. 400, Appellant contends the trial court lacked jurisdiction over him. *Id.* at 16.

In reviewing a challenge to the lawfulness of a warrantless arrest, we "must determine whether the factual findings of the [trial] court are supported by the record, and if there is support in the record, we are bound by the facts and may reverse only if the [trial] court's legal conclusions from the facts are in error." *Commonwealth v. Goldman*, 252 A.3d 668, 677 (Pa. Super. 2021).

Rule 400 provides that "[c]riminal proceedings in summary cases shall be instituted" by, *inter alia*, "arresting without a warrant when arrest is specifically authorized by law." Pa.R.Crim.P. 400. Additionally, Rule 440 provides that "[w]hen an arrest without a warrant in a summary case is authorized by law, a police officer who exhibits some sign of authority may institute proceedings by such an arrest." Pa.R.Crim.P. 440. Instantly, the proceedings against Appellant were instituted by warrantless arrest. *See* Trial Court Opinion, 12/5/24, at 6 (citing Non-Traffic Citations, 2/22/24).

Warrantless arrest for public drunkenness is authorized under 42 Pa.C.S.A. § 8902, which provides as follows:

> **(a) General rule.--**For any of the following offenses, a police officer shall, upon view, have the right of arrest without warrant *upon probable cause when there is ongoing conduct that imperils the personal security of any person or endangers public or private property*:
>
>> (1) Under Title 18 (relating to crimes and offenses) when such offense constitutes a summary offense:

18 Pa.C.S. § 5503 (relating to disorderly conduct).

***18 Pa.C.S. § 5505 (relating to public drunkenness)***.

18 Pa.C.S. § 5507 (relating to obstructing highways and other public passages).

18 Pa.C.S. § 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages).

(2) Violation of an ordinance of a city of the second class.

**(b) Guidelines by governmental body.--**The right of arrest without warrant under this section shall be permitted only after the governmental body employing the police officer promulgates guidelines to be followed by a police officer when making a warrantless arrest under this section.

42 Pa.C.S.A. § 8902 (emphasis added).[3]

Regarding probable cause to arrest, we have observed:

---

[3] Appellant's numerous post-sentence motions largely reiterated the probable cause argument raised in his pre-trial motions. However, his second post-sentence motion challenged for the first time whether the Ligonier Valley Police Department had "promulgate[d] guidelines to be followed by a police officer when making a warrantless arrest…." Supplemental Motion to Void Order, 9/26/24, ¶ 2 (quoting 42 Pa.C.S.A. § 8902(b)). In his October 3, 2024, "Judicial Notice," Appellant attached excerpts from the Ligonier Valley Police Department's Policy Manual regarding warrantless arrests, which Appellant claimed were insufficient under 42 Pa.C.S.A. § 8902(b). ***See*** Judicial Notice, 10/3/24, Attachment A. Appellant advances the same claim on appeal. ***See*** Appellant's Brief at 20-25. However, because this aspect of Appellant's argument was not timely asserted before the trial court, we deem it waived. ***See*** Pa.R.Crim.P. 109 ("A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, **unless the defendant raises the defect before the conclusion of the trial in a summary case** … and the defect is prejudicial to the rights of the defendant." (emphasis added)); ***see also*** Trial Court Opinion, 12/5/24, at 8 n.2 (opining issues Appellant raised for the first time in his post-sentence motions were waived).

To be lawful, an arrest must be supported by probable cause to believe that a crime has been committed by the person who is to be arrested. A police officer must make a common sense decision whether there is a fair probability that a crime was committed by the suspect. Whether probable cause exists is a highly fact-sensitive inquiry that must be based on the totality of the circumstances as viewed through the eyes of a prudent, reasonable, cautious police officer guided by experience and training. Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent human beings act.

**Goldman**, 252 A.3d at 677-78 (citation omitted).

In its Rule 1925(a) opinion, the trial court agreed with Appellant that it should have addressed his probable cause argument before the summary trial commenced. Trial Court Opinion, 12/5/24, at 5. However, the trial court opined "that had [the argument] been addressed, the [c]ourt would have determined that [Appellant] was not entitled to relief…." **Id.** The trial court determined that

Officer Regopoulos possessed sufficient probable cause to arrest [Appellant] for public drunkenness. Officer Regopoulos's testimony at … trial, which the court found to be credible, established that he personally observed [Appellant's] conduct and behavior while inside the [bar]. Namely, … Officer Regopoulos … observed [Appellant] arguing with Ms. Jones at the bar, and [Appellant] refused to provide his name or leave the establishment, despite being asked multiple times. Officer Regopoulos testified that [Appellant] continued to get angrier and more uncooperative, and [Appellant] stood in the way of the bathroom[,] blocking a patron [who was] trying to go into the bathroom. Officer Regopoulos observed [Appellant] display indicia of intoxication. [Appellant] talked with … slurred speech, and there was a very strong … odor of an alcoholic beverage emanating from his person. Based upon his training and experience, Officer Regopoulos opined that [Appellant] was under the influence of alcohol and [was] highly intoxicated. Officer Regopoulos expressed concern that [Appellant] would get into a

- 12 -

fight or hurt himself, and he believed that [Appellant] was a danger to himself. Officer Regopoulos's testimony is further supported by the body[-worn camera footage], in which the [trial] court observed [Appellant's] conduct and behavior as described [in Officer Regopoulos's testimony]. Upon a review of the totality of the circumstances, the court finds that Officer Regopoulos possessed the requisite probable cause to believe [Appellant] had violated 18 Pa.C.S.A. § 5505[,] as well as sufficient probable cause of ongoing conduct that imperiled [the safety of Appellant and others,] to meet the statutory requirements to justify [Appellant's] arrest without warrant.

Trial Court Opinion, 12/5/24, at 7-8.

Our review discloses the trial court's factual findings are supported by the record and its legal conclusions are sound. We discern no error in its determination that the evidence established "ongoing conduct that imperil[ed] the personal security of any person," 42 Pa.C.S.A. § 8902(a), and that the officers had probable cause to arrest Appellant for public drunkenness. Accordingly, Appellant's third issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/14/2025